UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF
LOUISIANA

| | |
|---|---|
| MARSHALL HATCHER | CASE NO: |
| **Plaintiff,** | |
| VERSUS | JURY TRIAL DEMANDED |
| SHERIFF JAYSON RICHARDSON IN HIS OFFICIAL CAPACITY AS SHERIFF OF DESOTO PARISH; PARISH OF DESOTO; SGT. FNU BAILEY; DEPUTY FNU TEUTSCH; WARDEN BILLY COTTON; NURSE FNU YOUNGBLOOD; DEPUTY FNU MILLER; SGT. FNU MILLER; SGT. FNU BUTLER; DEPUTY LANE BURNS; SGT. FNU SNELLY; DEPUTY BRIAN TROOPS; JOHN DOE #1; JOHN DOE #2; JOHN DOE #3; JOHN DOE #4; JOHN DOE #5; JOHN DOE #6; JOHN DOE #7; JOHN DOE #8; JON DOE #9; and JOHN DOE #10 | |
| **Defendants** | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes the Plaintiff, Marshall Hatcher, (hereinafter "Plaintiff") who is domiciled and resides inCameron County, Texas who respectfully represents the following

PARTIES

1.

Marshall Hatcher, Plaintiff, is a person of full age of majority.

Made Defendants herein are the following:

a) PARISH OF DESOTO (hereinafter "Parish") is a political entity capable ofsuing and being sued. The PARISH is the entity responsible for funding operations of the Desoto Parish Prison (hereinafter "DPP"). The Parish negotiates, approves, funds, and enters into contracts with other entities to provide medical and mental health services at the jail;

1

b) SHERIFF JAYSON RICHARDSON, was at all times relevant to this complaint the Sheriff of Desoto, a person of full age of majority domiciled in Desoto Parish. He is sued in his official capacity;

c) SERGEANT FNU[1] BAILEY, at all relevant times a member of the Desoto Parish Sheriff's Office ("DPSO"), and one of the two DPSO employees who transported Mr. Hatcher to and from Desoto Regional Medical Center on December 14, 2020, a person of full age of majority and a resident of Louisiana. He is being sued in his individual and official capacities;

d) DEPUTY FNU TEUTSCH, at all relevant times a member of the Desoto Parish Sheriff's Office ("DPSO"), and one of the two DPSO employees who transported Mr. Hatcher to and from Desoto Regional Medical Center on December 14, 2020, a person of full age of majority and a resident of Louisiana. He is being sued in his individual capacity;

e) WARDEN BILLY COTTON, was at all times relevant to this complaint the warden of DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his official and individual capacities;

f) NURSE FNU YOUNGBLOOD, was at all times relevant to this complaint provided medical care to inmates housed at DPP, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. She is sued in her individual capacity;

g) DEPUTY FNU MILLER, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

h) SERGEANT FNU MILLER, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

i) SERGEANT FNU BUTLER, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

j) DEPUTY LANE BURNS, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

k) DEPUTY FNU SNELLY, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in Louisiana. He is sued in his individual capacity;

l) DEPUTY BRIAN TROOPS, was at all times relevant to this complaint a deputy at DPSO, and is, upon information and belief, a person of full age and of majority, domiciled in

---

[1] Plaintiff is unaware of the first name of a number of defendants but describe each with clarity herein. Plaintiff is also tendering discovery for these individuals names along with service of the Complaint.

Louisiana. He is sued in his individual capacity;

m) JOHN DOES #1-5, were, at all times relevant to this complaint, employees at D.P.S.O. assigned the housing tier or dorm where Mr. Hatcher was located at D.P.P., and are, upon information and belief, persons of full ageand of majority, domiciled in Louisiana. They are sued in their individual capacity;

n) JOHN DOE #6-10, were at all times relevant to this complaint responsible for medical and mental health care providers employed by or contracted with by D.P.S.O. to provide medical and mental health treatment and care to D.P.P. inmates, including Mr. Hatcher during his incarceration;

o) ABC INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana providing general liability coverage for Sheriff Richardson, and/or D.P.S.O.

p) At all times relevant to this complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

q) At all times to this Complaint, all defendants acted under the color of state law.

r) THIS PETITION PUTS ON NOTICE ANY EXCESS POLICY COVERING, THE DESOTO PARISH SHERIFF'S OFFICE, SHERIFF RICHARDSON, ANY EMPLOYEE OF THE D.P.P, AND ANY POTENTIAL UNION POLICY COVERING THE INDIVIDUAL SHERIFF DUPUTIES NAMED INDIVIDUALLY IN THIS SUIT.

## JURISDICTION AND VENUE

2.

The United States District Court has jurisdiction over the subject matter of this complaint under 42 U.S.C. 1983 and 28 U.S.C. 1331, 1343(a)(3), and 1367(a).

3.

The Middle District of Louisiana is the appropriate venue to bring this complaint, because the facts that give rise to Plaintiffs' claims all took place within the Middle District of Louisiana.

## FACTUAL ALLEGATIONS

4.

On December 14, 2020, the Desoto Parish Sheriff's Office was called to a disturbance that led to the arrest of Marshall Hatcher.

5.

During the disturbance that resulted in the 911 call, a man broke Mr. Hatcher's wrist.

6.

After his arrest, Defendant FNU Bailey and FNU Teutsch took Mr. Hatcher Desoto Regional Health System ("Desoto Health"). He was admitted at approximately 10:12 p.m.

7.

As described Mr. Hatcher's medical records from that evening, his wrist showed "obvious bony deformity."

8.

Specifically, Mr. Hatcher suffered a "comminuted" fracture of the wrist—meaning his wrist broke into at least three pieces. Records further describe the condition of Mr. Hatcher's wrist as a comminuted fracture of the distal radius with dorsal angulation and displacement of fracture fragments. In addition, the was aa facture of the ulnar styloid process.

9.

Mr. Hatcher was accompanied by Defendants Bailey and Teutsch during his entire visit to Desoto Health.

10.

Mr. Hatcher initially described his pain as 10/10, though after receiving medication, he lowered the amount to 8/10. As noted, both these levels of pain are "severe."

11.

At Desoto Health, medical providers were unable to palpate radial pulses. Also, Mr. Hatcher experienced "extreme pain" with "minimum touch."

12.

Medical records from Desoto specifically state that Defendant Bailey received Mr. Hatcher's discharge instructions.

13.

The plan listed in the records is "sling and splint and ortho consult *as soon as possible tomorrow*." (emphasis added). Defendants Bailey and Teutsch were specifically told that Mr. Hatcher needed to see an orthopedic specialist to ensure proper recovery from this broken wrist.

14.

After being discharged, Mr. Hatcher was brought to the Desoto Parish Prison ("D.P.P.").

15.

Rather than following the discharge instructions, Mr. Hatcher was not brought to any orthopedic consultation the following day. Instead, Mr. Hatcher received no follow up treatment until January 5, 2021.

16.

During this time, Mr. repeatedly filled out grievances and medical requests for his wrist to be seen. They were submitted via electronic tablets provided to inmates. These were ignored. Mr. Hatcher asked that his discharge instructions be followed. These requests were ignored. Mr. Hatcher asked defendant John Doe #1 - #5 for pens to fill out written requests. These requests were ignored or denied.

17.

In addition to these formal requests, Mr. Hatcher "pushed the button" in the dorm requesting medical attention for his wrist from sheriff's deputies numerous times. Between December 14, 2020 and January 5, 2021, Mr. Hatcher received no treatment or meaningful medical attention.

18.

Mr. Hatcher personally complained to numerous defendants begging for medical care, including but not limited to: John Doe #1-#5, Warden Cotton, Sgt. Miller. Deputy Burns, Sgt. Butler, Sgt. Snelly, Deputy Troops. Indeed, Mr. Hatcher showed Deputy Miller the actual disfigurement of his arm. However, despite having discharge instructions directing an orthopedic consult, Mr. Hatcher did not see a doctor for the rest of December.

19.

In addition, Nurse Youngblood and John Doe #6-10 were responsible by employment or other contract for the health of inmates at D.P.P., including Mr. Hatcher.

20.

Despite making multiple complaints about his wrist, Mr. Hatcher received no significant or appropriate medical attention.

21.

Rather than taking Mr. Hatcher to even see an orthopedic specialist, D.P.S.O. employees brought Mr. Hatcher back to Desoto Health on January 5, 2021. It was noted that some callus had developed at the fracture site.

22.

Mr. Hatcher was released from D.P.P. custody on approximately January 17, 2021.

23.

Upon being released, Mr. Hatcher sought the orthopedic specialist at Bossier Orthopedics treatment that had been part of his discharge instructions, which the D.P.S.O. and named defendants deliberately and/or indifferently ignored.

24.

The orthopedist told Mr. Hatcher he needed surgery immediately needed invasive, reconstructive surgery on his wrist. Specifically, it was found that as a result of lack of proper medical treatment, Mr. Hatcher's wrist was "severe[ly] displaced" and "significant[ly] shorten[ed]." Mr. Hatcher learned he would have to undergo reconstruction of his distal radius with osteotomy, allograft, and possible ulnar shortening.

25.

At the time of this visit, Mr. Hatcher again rated his pain as 8 out of 10.

26.

Mr. Hatcher's orthopedist has stated that failing to threat and properly reset Mr. Hatcher's wrist bones in place within two weeks was the cause of the surgery. The delay in treatment caused his bones to heal in misalignment, and consequently be rebroken, recreate, and grafted during surgery.

27.

At all times relevant to this complaint, defendants acted under color of state law.

28.

At all times mentioned herein, all the defendants named in their individual capacities were employed by or contracted with by Defendant Richardson, and were acting in the course and scope of their employment with Defendant Richardson.

29.

The defendants' actions were reckless, willful, wanton, and malicious, and constituted deliberate indifference to the rights of the plaintiffs. The defendants' actions were the proximate cause of the injuries and death of Mr. Hatcher's prolonged agony, reconstructive surgery, and future pain, suffering, and medical procedures that will be required on Mr. Hatcher's wrist.

## CAUSES OF ACTION

### COUNT 1 – § 1983 Violation Based on Establishment of a System in which Prisoners with Serious Mental Health Issues are Denied Access to Appropriate Medical Care — Defendants Richardson and Parish (Official Capacities)

30.

The defendants named in this Count, acting individually and together, under color of law, violated Mr. Hatcher's right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as protected by the Fourteenth Amendments of the United States Constitution and 42 USC § 1983. They did so by failing to provide adequate medical care and services or contracting with Defendants John Doe #6-#10 who provided inadequate and insufficient services for medical care that they knew would result in the deprivation of adequate medical care

for prisoners. Plaintiff was individually harmed by the insufficiency of the care and the failure to make other accommodations to provide health services because they resulted in the extreme unnecessary past and future pain, and unnecessary reconstructive surgery.

31.

At all pertinent times, the defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety, constitutional, and civil rights of Mr. Hatcher by failing to provide appropriate medical services.

**COUNT 2 – § 1983 Violation Based on Failure to Supervise Other Defendants to Ensure Inmates Received Appropriate Care for Serious Medical Needs— Defendants Richardson,Cotton, Bailey, Teutsch, Youngblood, Miller, Miller, Butler, Burns, Snelly, Troops, and John Doe #1-#10 (Individual and Official Capacities)**

32.

Defendants Richardson, Cotton, Bailey in their individual and official capacities, failedto supervise their subordinates, namely, Defendants Bailey, Teutsch, Youngblood, Miller, Miller, Butler, Burns, Snelly, Troops, and John Doe #1-#10, to ensure that these subordinates did not ignore prisoners' obvious signs of medical distress.

33.

Mr. Hatcher was directly harmed by this failure to supervise because it caused the resulted in the extreme unnecessary past and future pain, and unnecessary reconstructive surgery due to the patently insufficient treatment for his serious health needsof Mr. Hatcher. At all pertinent times herein, defendants Richardson, Cotton, and Bailey were aware of the need to supervise their subordinates in order to ensure that they did notviolate prisoners' rights. They also failed to ensure that their subordinates provided reasonable and sufficient treatment forprisoners' health conditions and properly monitored prisoners who were being treated. These defendants ignored that need and acted unreasonably and with deliberate indifference and disregard for the health of Mr. Hatcher,

8

as described above.

**COUNT 4 –  *Monell* Violation of § 1983 Based on Establishment of Policies, Patterns or Practices pursuant to which Prisoners with Serious Health Conditions are Denied Access to Appropriate Medical Care— Defendants Richardson, Cotton, and Parish (Official Capacities)**

34.

The defendants named in this Count, Richardson, Cotton, and the Parish, acting individually and together, under color of law, acted to violate Mr. Hatcher's right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as protected by the Fourteenth Amendments of the United States Constitution and 42 USC § 1983. They did so by establishing and maintaining policies, patterns or practices that they knew would deprive prisoners with serious medical conditions. 60.

35.

Plaintiff was individually harmed by these policies, patterns, or practices because they resulted in the extreme unnecessary past and future pain, and unnecessary reconstructive surgery despite the obvious, acute, and severe pain Mr. Hatcher was suffering.

36.

At all pertinent times, the defendants named in this Count, individually and collectively, acted unreasonably, recklessly, and with deliberate indifference and disregard for the safety, constitutional, and civil rights of the plaintiffs by establishing the above-described policies, patterns, or practices.

37.

The above-named defendants are therefore liable to the plaintiffs for the violation of constitutional rights described above pursuant to *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

**COUNT 5– State Claim of Negligent and/or Intentional Conduct Resulting in Injury and Death— Defendants Richardson, Cotton, Bailey, Teutsch, Youngblood, Miller, Miller, Butler, Burns, Snelly, Troops, and John Doe #1-#10 (Individual Capacities)**

38.

The above-named defendants, acting individually and together, and under color of law engaged in a course of conduct that deprived Mr. Hatcher of appropriate medical treatment, causing the above stated harms. At all times pertinent herein, these defendants, individually and collectively, acted intentionally, maliciously, recklessly, and/or negligently towards Mr. Hatcher. Furthermore, these defendants, individually and collectively, had the duty and ability to intervene upon observing and/or being made aware of Mr. Hatcher's obvious injury but failed to do so.

**COUNT 6 – Other State Law Claims (Parish, Sheriff Richardson, Warden Cotton, Sgt. Bailey)**

39.

Additionally, Mr. Hatcher alleges the defendants in this count are liable for the torts of:

- Negligent Hiring
- Negligent Retention
- Negligent Supervision

**COUNT 7 – Respondeat Superior (Sheriff Richardson)**

40.

At all relevant times, the individually named defendants were acting in the course and scope of their employment with Defendants Richardson. Defendant Richardson is therefore liable under the doctrine of respondeat superior, La. C. C. 2320, for all state law causes of action and liability arising due to the actions and inactions of the individual defendants, as described herein.

**COUNT 8 – State Claim of Direct Action Against an Insurer, Pursuant to LA R.S. § 22:1269**

41.

At all applicable times, Defendant ABC Insurance Company, afforded liability insurance coverage to defendants Richarson and/or other defendants. Accordingly, ABC Insurance Company is liable to the plaintiffs for the intentional and/or negligent acts of the other defendants.

**COUNT 9 – State Claim for Breach of Duty to Provide Medical Treatment—Defendant Richardson**

42.

Under Louisiana law, Richardson, as Sheriff and the confining authority, has a legal duty toprovide appropriate mental treatment for prisoners.

43.

Richardson failed to provide medical treatment within D.P.P. that was adequate and reasonable as required by law.

44.

Mr. Hatcher's extensive injuries and exacerbation thereof were a direct result of Richardson's failure to provide adequate and reasonable mental health care.

**INJURIES**

74.

As a result of the actions of the defendants as described above, damages have been incurred as follows: past pain and suffering, future pain and suffering, past medical bills, future medical bills, future lost wages.

**PRAYER FOR RELIEF**

75.

WHEREFORE, plaintiffs pray that after due proceedings there be judgment rendered herein in plaintiffs' favor and against all defendants individually and jointly, as follows:

a) Compensatory and punitive damages as prayed for herein;

b) Reasonable attorneys' fees, as provided in 42 U.S.C. § 1988, 42 U.S.C. § 12205, and 29 U.S.C. § 794(b) and all costs of these proceedings and legal interest;

c) Punitive damages pursuant to 42 U.S.C. § 1983 and any other applicable statute;

d) Relief under La. C.C. arts. 2315 and 2321 from the intentional and/or negligent acts and/or omissions of the Defendants herein; and

e) All other relief as appears just and proper to this Honorable Court.

*Christopher J. Murell*
Christopher J. Murell (#32075)
MURELL LAW FIRM
2831 St. Claude Ave.
New Orleans, LA 70117
(504) 717-1297 (P)
chris@murell.law

AND

*Verity Gentry*
Verity Gentry (#33143)
Law Office of Verity Gentry
1532 Irving Place
Shreveport, LA 71101
(318) 701.8127
verity@vgblaw.com

ATTORNEYS FOR PLAINTIFFS