**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **MARSHALL HATCHER** | **CASE NO. 5:21-CV-04094** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **JAYSON RICHARDSON ET AL** | **MAGISTRATE JUDGE HORNSBY** |

**SETTLEMENT CONFERENCE ORDER**

## I.    Settings and Deadlines

The parties will comply with the settings and deadlines below.

| DATE | TIME | SETTING/DEADLINE |
|---|---|---|
| _____ | _____ | Parties' Conference |
| Tuesday, March 12, 2024 | COB | Confidential Statements |
| Thursday, March 14, 2024 | <u>COB</u> | Final Report |
| Tuesday, March 19, 2024 | 10:00 a.m. | Settlement Conference |

## II.    Parties' Conference

The Parties' Conference *should* occur as early as possible, but *may* occur at <u>any time before the Court Conference</u>.  Before the Parties' Conference, counsel for Defendant(s) must circulate a draft of settlement or closing documents to all other parties for discussion.

The parties must discuss:

2

□  whether all parties remain amenable to settlement efforts;
□  likely attendees at the Settlement Conference;
□  settlement efforts to date;
□  terms and format(s) of a potential settlement;
□  any impediments to settlement efforts, including:
o  outstanding discovery;
o  ongoing or anticipated motion practice; and
o  disputed settlement terms;
□  preconditions of, or issue that may impact, settlement;
□  settlement or "closing" documents;
□  whether a conditional or partial settlement is possible;
□  Rule 68 offers of judgment;
□  attorney's fees and costs; and
□  financial or other documents needed to complete settlement, and the time to exchange those documents.

The parties may also discuss any other topic that may help to facilitate settlement.

## III.    Confidential Statements

Confidential Statements are due from all parties no later than 7 days before the Settlement Conference.  Each party must submit a Confidential Statement by email to: motions_perez-montes@lawd.uscourts.gov.  Unless instructed otherwise, no other method may be used, no other email addresses may be copied, and no other submissions may be sent to this email address.

Confidential Statements must be limited to 10 pages in length and should be formatted like a standard pleading.  In the Confidential Statement, any party may request an increased page limit or permission to attach documents or other exhibits.

Confidential Statements must contain the following sections:

**A. Attendees:** Counsel will list the name and title of any client or representative who will attend the Settlement Conference.  Counsel will

also confirm whether each attendee will have "full settlement authority."[1]

**B. Analysis:** Counsel will include a brief analysis of:

☐ the key issues involved in the litigation;

☐ any "sticking points" preventing settlement, again numbered separately;

☐ a brief description of the strongest and weakest points in your case, both legal and factual;

☐ your most persuasive argument;

☐ likely total judgment ranges;

☐ the chance (expressed as a percentage) of each party prevailing at trial; and

☐ whether there is any ancillary litigation pending or planned which affects case value; and

☐ whether there is confidential information that may affect valuation or risk assessment case value.

**C. Case Status:** Counsel will describe the status of any settlement negotiations, including: the last settlement proposal made or received and the next proposal to be made; and a description of any supporting documents not attached which may be useful in facilitating settlement.

---

[1]"Full settlement authority" is discretionary authority to bind a party to: (1) dismiss or agree to dismiss all claims or counterclaims; (2) instruct and direct counsel of record; (3) accept or pay final settlement sums; (4) approve contractual and legal settlement terms; and (5) represent any other aspects of the party's position to the Court for purposes of settlement.

For Plaintiff(s), attendee(s) must have discretion to authorize dismissal of the lawsuit, in its entirety, with prejudice.

For an intervenor, attendee(s) must have final authority to negotiate and compromise the intervenor's claims, including authority to waive its intervention, to contribute an amount toward settlement up to its estimated future exposure, to approve a settlement agreement between Plaintiff(s) and Defendant(s), or any necessary combination of thereof.

If board approval is required to authorize settlement, attendance of the entire board is required, unless the Court excuses some or all members upon a party's specific request. The attendance of at least one sitting member of the board (preferably an executive officer) will always be required.

Any insurance company that is a party or is contractually required to defend or to pay damages must have a representative with sole discretion to pay any amount within policy limits or up to the opposing party's last settlement demand, whichever is lower.

4

**D. Fees and Costs:** Counsel will include an estimate of the legal fees and expenses which the client will incur through trial if the case is not settled, along with a statement of whether and how these fees and expenses may affect settlement, and whether they have been discussed with client(s) and opposing counsel.

## IV.  Final Report

Final Reports are due from all parties no later than <u>three days before the Settlement Conference</u>.  Each party must submit a Final Report by email to: motions_perez-montes@lawd.uscourts.gov.  Unless instructed otherwise, no other method may be used, no other email addresses may be copied, and no other submissions may be sent to this email address.

Final Reports must be limited to <u>three pages in length</u>.  No increases in length will be allowed.  Confidential Statements must only: confirm that all parties have complied with all previous requirements; that settlement negotiations have continued to a point clarified in the Final Report; that the Confidential Statement either remains updated or is updated in the Final Report; and that all parties remain able and willing to participate in the Settlement Conference.

## E.  Settlement Conference

The Court will conduct the Settlement Conference by in person.  The day before the Settlement Conference, all counsel will receive emailed instructions.

Participants should appear roughly 20 minutes early – and earlier still if they wish to consult with counsel.  The parties may be shown a video, and so must be able to view video transmitted to them if not appearing in person.  The parties must remain available to participate throughout any day(s) of the Settlement Conference.

Lead Counsel and an "Authorized Representative"[2] for each party must attend. Other attorneys, litigants, and representatives may also attend.[3]

<u>Any failure to comply with any provision above will be construed as a failure by the "non-compliant" party to act in good faith and an intentional contravention of a Court order.</u>[4] The cause of any such failure – impossibility aside – will be considered immaterial. The Court <u>will</u>: (1) terminate the Settlement Conference, detailing the non-compliant party's failure on the record; and (2) award any other "compliant" party all costs of preparing for the Settlement Conference. The Court <u>may</u>: (1) reset the Conference, at the convenience of any compliant party; (2) decline to reset the Conference; or (3) impose additional sanctions upon the non-compliant party.[5]

At the conclusion of the Settlement Conference, the parties should be prepared to discuss their next requests for relief, if any. If the parties settle the case, they should be prepared to execute settlement documents, agree to the terms of a judgment of dismissal on the record, and to make any other requests to finalize their settlement.

---

[2] A litigant or representative with "full settlement authority," if not also Lead Counsel.

[3] Counsel should disclose or raise any objections or issues concerning an attendee – including confidentiality agreements – at the Parties' Conference. If the parties cannot agree, any disagreement regarding attendance should be raised in either the Confidential Statement or the Final Report.

[4] *Se, e.g.*, *Guillory v. Domtar Industries, Inc.*, 95 F.3d 1320, (5th Cir. 1996). For instance, this would include the failure to circulate a draft settlement agreement, to comply with a deadline to submit a Confidential Statement, or to make or describe negotiated offers before or in the Final Report.

[5] After the Settlement Conference, the parties must be prepared to discuss whether they object to the undersigned deciding a motion to enforce any settlement reached, or a motion to resolve a dispute concerning a settlement agreement. If no settlement is reached, the parties must also be prepared to request, or decline to request, that the undersigned recuse from additional proceedings.

6

If the parties do not settle the case, they should be prepared to discuss the next steps in the litigation.

SIGNED on Thursday, January 25, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE